United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WESTWIND MANOR RESORT | ) | Case No. 19-50026 |
| ASSOCIATION, INC., *et al.*,[1] | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**ORDER GRANTING CREDITOR TRUSTEE'S MOTION FOR (I) APPROVAL OF
PAYMENT OF FINAL AMOUNTS, (II) TERMINATION OF THE CREDITOR TRUST
AND THE DISSOLUTION OF THE REMAINING DEBTORS, (III) DISCHARGE OF
CREDITOR TRUSTEE, OVERSIGHT COMMITTEE, AND CUSTOM GOLF BOARD,
(IV) ENTRY OF FINAL DECREE CLOSING REMAINING CHAPTER 11 CASES, AND
(V) GRANTING RELATED RELIEF**
(Related Docket No. 1217)

Upon the motion (the "**Motion**")[2] of the Creditor Trustee in the above-referenced Chapter

11 Cases for entry of an order (the "**Order**") (i) approving the final payment of the Final

Amounts by the Creditor Trust, (ii) authorizing the termination of the Creditor Trust and the

dissolution and wind down of the Reorganized Debtors and Lead Debtor, (iii) discharging the

Creditor Trustee, Oversight Committee, and Custom Golf Board of further obligations under the

Plan Documents, (iv) entering the final decree with respect to the remaining Reorganized Debtor

Cases and Lead Case, and (v) granting related relief; and the Court having jurisdiction to

consider the Motion and the relief requested therein being a core proceeding in accordance with

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Westwind Manor Resort Association, Inc. (7533); Warrior ATV Golf, LLC (3420); Warrior Acquisitions, LLC (9919); Warrior Golf Development, LLC (5741); Warrior Golf Management, LLC (7882); Warrior Golf Assets, LLC (1639); Warrior Golf Venture, LLC (7752); Warrior Premium Properties, LLC (0220); Warrior Golf, LLC (4207); Warrior Custom Golf, Inc. (2941); Warrior Golf Equities, LLC (9803); Warrior Golf Capital, LLC (5713); Warrior Golf Resources, LLC (6619); Warrior Golf Legends, LLC (3099); Warrior Golf Holdings, LLC (2892); and Warrior Capital Management, LLC (8233). .

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

4868-7131-2577.7 75805.001

28 U.S.C. § 157(b)(2) on which the Court may enter a final order consistent with Article III of the United States Constitution; and venue being properly in this district under 28 U.S.C. §§ 1408 and 1409; and good and adequate notice of the Motion having been given under the circumstances and it appearing that no other or further notice need be provided; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the Creditor Trust, Creditor Trustee, Oversight Committee, and Custom Golf Board acted in good faith and with adequate and reasonable diligence under the circumstances; and after due deliberation and sufficient cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1.	The Creditor Trust is hereby authorized to pay the Remaining Professional Fee Claims on a *pro rata* basis, as described in the Motion, and to pay any of the Trust Expenses in connection with the wind down and dissolution of the Creditor Trust, Reorganized Debtors, or Lead Debtor and to complete the actions authorized or directed herein.

2.	Upon entry of this Order, the Creditor Trust is authorized to take such actions as may be necessary or appropriate to effectuate the final wind down and dissolution of the Lead Debtor (Westwind Manor Resort Association Inc.) and the Reorganized Debtors (Warrior Golf, LLC; Warrior Acquisitions, LLC; and Warrior Custom Golf, Inc.), as well as the terms of this Order, including, but not limited to, paying the Final Amounts, performing the duties necessary to complete the administration of the Creditor Trust, reviewing and signing tax returns for the Creditor Trust, and authorizing counsel to resolve any matters including payment of fees and expenses of professionals and service providers.

4868-7131-2577.7 75805.001

3.     The form of the Final Accounting, substantially in the form of the Draft Final Accounting and Budget, is hereby approved, and the Creditor Trust shall file the Final Accounting in accordance with the Creditor Trust Agreement.

4.     Upon final payment of the Final Amounts as set forth in the Motion and authorized herein, and the satisfaction of the terms of this Order, the Creditor Trust shall terminate under the terms of the Creditor Trust Agreement, and the Creditor Trustee shall be discharged from all duties under the Plan Documents and Creditor Trust Agreement without further order of this Court.

5.     Upon the termination of the Creditor Trust, the Creditor Trustee, the Oversight Committee, and their respective professionals shall be discharged and released from any and all obligations under or related to the Creditor Trust Agreement, the Plan Documents, Confirmation Order, except as may be expressly provided for herein.

6.     The Creditor Trust is hereby authorized to destroy or otherwise dispose of the books and records maintained by the Creditor Trust 14 days following the filing of the Final Accounting.

7.     The Lead Case of Westwind Manor Resort Association Inc., Case No. 19-50026, and the Reorganized Debtor Cases—Warrior Golf, LLC (Case No. 19-50035), Warrior Acquisitions, LLC (Case No. 19-50028), and Warrior Custom Golf, Inc. (Case No. 19-50027), shall be and hereby are closed. This Order constitutes a final decree with respect to such cases within the meaning of Bankruptcy Rule 3022.

8.     The Clerk of the Court shall enter this Order and Final Decree on the docket of each of the cases: Case No. 19-50026, Case No. 19-50035, Case No. 19-50028, and Case No. 19-50027, and each such docket shall be marked as "Closed."

4868-7131-2577.7 75805.001

9. To the extent not already paid, the fees required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid by the Creditor Trust as soon as reasonably practicable after the date of the entry of this Order.

10. To the extent not already filed, the Creditor Trust will file any remaining post-confirmation quarterly reports as soon as reasonably practicable after the date of the entry of this Order.

11. The terms and conditions of this Order will be immediately effective and enforceable upon its entry. The Creditor Trustee shall serve a copy of this Order on any party who timely responded to the Motion and no further notice of this Order need be given.

12. The Creditor Trustee and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13. The Court retains exclusive jurisdiction and power to hear and determine all matters arising from or related to this Order.

Signed: May 27, 2026

_____
Marvin Isgur
United States Bankruptcy Judge

4868-7131-2577.7 75805.001